FILED
United States Court of Appeals
Tenth Circuit

September 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BOBBY WAYNE HALEY, JR.,

Defendant – Appellant.

No. 12-5094
(D.C. Nos. 4:09-CV-00045-TCK-TLW and
4:05-CR-00056-TCK-2)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Bobby Wayne Haley Jr. was arrested after federal agents observed and recorded him selling cocaine to a confidential informant. A jury trial followed, and Haley was convicted of one count of distributing cocaine and one count of conspiring to do the same. Owing to a long history of drug crimes, Haley was sentenced as a career offender to 262 months imprisonment. After we upheld the criminal judgment on direct appeal, Haley filed a motion to vacate his convictions and sentence under 28 U.S.C. § 2255. He raised several grounds for relief, but he primarily asserted he was denied effective assistance of counsel during trial and on direct appeal. Finding no constitutional errors,

the district court denied the motion, along with Haley's request for a Certificate of Appealability.[1]

Haley was the subject of a sting operation conducted by the Bureau of Alcohol, Tobacco and Firearms (ATF). Investigators originally targeted Rhonda Davis, Haley's distributor. Beginning in August 2004, investigators conducted several controlled buys during which Davis was recorded selling cocaine to a confidential informant. Having built a case against Davis, investigators devised a plan to bring in her supplier. They staged a third controlled buy that December, just months after the second, only this time instructed the confidential informant to arrange the meeting for a weekday afternoon, when Davis was known to be unavailable. They hoped Davis would arrange for her supplier to drop off the drugs on her behalf.

The plan was successful. The confidential informant was waiting at a designated meeting place when Haley arrived with the pre-arranged quantity of drugs. Haley told the confidential informant he had been sent by Davis with instructions to deliver the cocaine, and the confidential informant exchanged the cocaine for the buy money supplied by investigators. The confidential informant wore a recording device, and the transaction was observed by a surveillance team.

A grand jury returned indictments against Haley and Davis. Both defendants were charged with conspiracy to distribute cocaine and distribution of cocaine. Davis pleaded guilty to the conspiracy charge and was rewarded by the government with a motion

---

[1] The district court granted Haley's motion to proceed *in forma pauperis* on appeal.

requesting a one-point reduction in her offense level for acceptance of responsibility, in addition to the two-point reduction she would receive under U.S.S.G. § 3E1.1. Davis was sentenced to 18 months imprisonment, to be followed by three years supervised release.

Haley would not submit so easily. He proceeded to trial where he was convicted of one count of distribution and one count of conspiracy to distribute. Prior to trial, the government filed an information alleging Haley's three prior drug convictions qualified him for increased punishment. *See* 21 U.S.C. § 851(b). This raised the statutory maximum sentence for the distribution and conspiracy counts to 30 years imprisonment. *See* 21 U.S.C. § 841(b)(1)(C); 846. At sentencing, the district court concluded the prior drug offenses qualified as "controlled substance offenses" under U.S.S.G. § 4B1.2(b) and § 4B1.1(a), and classified Haley as a career offender. The court sentenced Haley to 262 months imprisonment, a term driven primarily by his status as a career offender. The reasonableness of Haley's prison term was the only issue presented on direct appeal. We affirmed the sentence. *United States v. Haley*, 529 F.3d 1308, 1310 (10th Cir. 2008).

Next, Haley filed a pro se motion to vacate his convictions and sentence.[2] *See* 28 U.S.C. § 2255. His motion, together with amendments added in the ensuing months, included five claims. Three claims concerned the adequacy of his representation at the trial stage. Specifically, he asserted his trial attorney provided ineffective assistance of counsel by failing to (1) present an adequate defense to the conspiracy charge; (2) object to the authenticity of the government's audio recording; and (3) object to the career-

---

[2] We liberally construe Haley's pro se 28 U.S.C. § 2255 filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

offender enhancement at sentencing. In a fourth claim, he argued appellate counsel was ineffective by failing to appeal from the denial of his motion to suppress the video recording of the controlled buy. Finally, Haley asked the district court to vacate his criminal judgment, citing as newly discovered evidence the indictment of one of the investigators involved in his case in an unrelated matter.[3]

The court evaluated each of Haley's claims and concluded they were without merit. Beginning with his contention that trial counsel failed to mount an adequate defense to the conspiracy charge, the court concluded any deficient performance on this issue (assuming there was deficient performance) could not plausibly have affected the outcome at trial, because the evidence supporting the conspiracy charge was too strong: "The trial evidence reflected that [the confidential informant] contacted Davis to make a drug purchase, that Davis could not complete the sale herself, that Defendant arrived at the location agreed to by [the confidential informant] and Davis with the agreed-upon quantity of drugs, that Defendant completed the transaction, and that Davis knew that Defendant completed the sale." (R. 275-76.)

Next, the court rejected Haley's contention that his trial counsel should have objected to the admission of an audio recording of a phone conversation between Davis and the confidential informant. Haley claimed the recording was not properly authenticated, but the court reviewed the record and found no irregularities. Davis's

---

[3] There were several additional claims in Haley's supplemental filings, but the district court refused to address them because they were untimely and not based on new facts or evidence.

voice, the court explained, was authenticated by a federal agent who testified he was familiar with Davis's voice from previous conversations. This was consistent with Federal Rule of Evidence 901(b)(5), which permits authentication of audiotaped evidence through lay testimony.

Contrary to Haley's arguments, the court did not fault trial counsel for failing to object to the career-offender enhancement at sentencing. In his § 2255 motion, Haley argued the convictions underlying the sentencing enhancement were invalid, either because they resulted from coerced pleas or did not involve sufficient drug quantities. Haley provided no documentation to support these contentions—no sworn statements, no criminal records—and in the absence of supporting evidence, it saw no reason to discount the probation office's conclusion that the prior convictions were properly used to enhance his sentence. "[H]ad [trial counsel] insisted on a § 851(b) inquiry or otherwise challenged the convictions," the court reasoned, "there is no reasonable probability that such challenge would have been successful or changed the outcome." (R. 279.)

The court also rejected Haley's claim of ineffective assistance of appellate counsel based on a failure to appeal from the trial court's denial of his motion to suppress the digital recording of the drug transaction. The government had transferred the digital recording file from the camera to a DVD and then erased the file from the camera in order to free up space for later use. Haley challenged the reliability of the recording of the drug buy on several grounds, but primarily because the DVD version introduced at trial was not the "original," as the word is used in the Federal Rule of Evidence 1001(3). In his view, the original was the "real time" footage stored in the internal memory of the

recording device. Following an evidentiary hearing, the trial court issued a 22-page order ultimately admitting the DVD version—both as an "original" under Rule 1001(3) and as a duplicate under Rule 1003. Haley's appellate counsel found no non-frivolous basis for challenging the admission of the recording, and the district court concluded "there was not a reasonable probability that admission of the Video Recording would have been reversed on appeal." (R. 28.1.)

Finally, the district court made short order of Haley's newly discovered evidence about the indictment of one of the agents involved in his case. The indictment came in an unrelated matter and was handed down two years after the agent's involvement in Haley's investigation. Moreover, the agent in question played only a limited role in the investigation, assisting the lead agent in surveillance of the controlled buy. The lead agent, whose testimony was far more important to the government's case, was not named in the indictment. Upon those observations, the court saw no reason to vacate the judgment and sentence.

Having reviewed the record and the district court's order, we conclude its reasoning was sound: Haley cannot demonstrate the representation he received was anything short of adequate, and even if he could, we have no reason to believe better representation would have changed the outcome in his favor.

A COA may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is whether a reasonable jurist could "debate whether (or, for that matter, agree that) the petition should have been resolved in different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484

(2000) (internal quotations omitted). Neither standard was met here.

We DENY the request for a COA and DISMISS this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge