FILED
United States Court of Appeals
Tenth Circuit

December 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

BOBBY WAYNE HALEY, JR.,

　　　　Defendant - Appellant.

No. 14-5104
(D.C. Nos. 4:05-CR-00056-TCK-2 &
4:14-CV-00331-TCK-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Bobby Wayne Haley, Jr., a federal prisoner proceeding pro se, seeks a

certificate of appealability (COA) to challenge the district court's dismissal of his

motions under Federal Rule of Civil Procedure 60(b)(4) and (6) as either untimely

and/or unauthorized second or successive habeas petitions. We deny the request for a

COA and dismiss this matter.

Mr. Haley was convicted by a jury in 2007 of one count of conspiracy to

distribute cocaine and one count of distributing cocaine. The district court sentenced

him to 262 months' imprisonment. We affirmed his convictions and sentence on

---

[*]　　This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal.  *United States v. Haley*, 529 F.3d 1308, 1312 (10th Cir. 2008).  Mr. Haley then filed a pro se § 2255 motion, which the district court denied.  This court denied his request for a COA.  *United States v. Haley*, 496 F. App'x 771, 774 (10th Cir. 2012).  In 2013, Mr. Haley unsuccessfully sought authorization from this court to file a second or successive § 2255 motion.  That unsuccessful attempt was followed by two separate requests for authorization in 2014, which we also denied.  Prior to filing his second or successive requests with this court in 2014, Mr. Haley filed two motions in district court for relief under Rule 60(b)(4) and (6), along with a separate § 2255 motion.

In his first Rule 60(b) motion, Mr. Haley raised three arguments of district court error in the disposition of his  first § 2255 motion:  (1) the failure to consider all the grounds raised in the motion; (2) the failure to relate claims back; and (3) the failure to transfer any untimely claims to this court for authorization.  In his second Rule 60(b) motion, he added an argument that he was entitled to post-judgment relief under *Descamps v. United States*, 133 S. Ct. 2276 (2013).

In an opinion and order filed September 23, 2014, the district court dismissed the motions.  First, the court held that even if Mr. Haley's motions were "true" Rule 60(b) motions, they were not filed within a reasonable time as required by Rule 60(c)(1).  Alternatively, it held that the motions should be dismissed for lack of jurisdiction as second or successive § 2255 claims filed without authorization from

this court.[1]  Mr. Haley now requests a COA from this court in order to appeal these rulings.  *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[T]he district court's dismissal of an unauthorized [28 U.S.C.] § 2255 motion is a 'final order in a proceeding under section 2255' such that [28 U.S.C.] § 2253 requires petitioner to obtain a COA before he or she may appeal.").  As such, to appeal the dismissal of the Rule 60(b) motions, Mr. Haley must obtain a COA.  To do so, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When analyzing a Rule 60(b) motion, we must "consider each of the issues raised in the motion in order to determine whether it represents a second or successive petition, a 'true' Rule 60(b) motion, or a mixed motion."  *Spitznas v. Boone*, 464 F.3d 1213, 1224 (10th Cir. 2006).  "[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  *Id*. at 1215.

We agree with the district court that Mr. Haley's Rule 60(b) motions were second or successive § 2255 claims because they asserted or reasserted a federal basis for relief from his underlying conviction.  In his brief, Mr. Haley focuses solely

---

[1]    The district court also dismissed Mr. Haley's § 2255 motion in the same opinion and order.  Mr. Haley appeals only from the dismissal of the Rule 60(b) motions.

on the court's ruling as to timeliness and not its determination that the claims were second or successive.  Mindful of the deference we afford pro se pleadings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we have carefully examined both motions and conclude they either in substance or effect assert or reassert a federal basis for relief from Mr. Haley's underlying conviction. Reasonable jurists could not debate the correctness of the district court's decision that the Rule 60(b) motions were subject to authorization under § 2255(h).  *See Gonzales v. Crosby*, 545 U.S. 524, 532 & n.4 (2005) (holding that a Rule 60(b) motion that presents "grounds entitling a petitioner to habeas corpus relief" or "seeks to add a new ground for relief" requires authorization).

Because reasonable jurists could not debate the district court's conclusion that the Rule 60(b) motions were subject to authorization under § 2255(h), Mr. Haley's application for a COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -